ELLIS THAYER & wife & another *vs.* COUNTY COMMISSIONERS OF WORCESTER.

Exceptions to the form of a petition to county commissioners, praying for a warrant for a jury to assess land damages, cannot be taken after the warrant has issued and a verdict been returned for the petitioner.

The commissioners cannot object to a verdict in such a case, because the jury apportioned the damages to the different joint petitioners, instead of awarding a gross sum.

On a petition and warrant for a sheriff's jury to assess highway damages to the land of " A. B. and wife," damages cannot also be assessed for injury to land held by A. B. in his own right.

APPEAL by the county commissioners of Worcester from the judgment of the court of common pleas accepting the

verdict of a sheriff's jury awarding land damages to the petitioners, in consequence of laying out a highway over their land. The first objection was to the form of the original petition to the county commissioners, which was in these words :

" The petition of Ellis Thayer, and Peggy Thayer, wife of said Ellis Thayer, and Samuel D. Smith, respectfully represents that a highway leading from a point in the bridge over the Quinabaug River, in the town of Southbridge, in said county, to a point in the road near to the house of Captain Aaron Willard, in Charlton city, (so called,) has been laid out by your honorable body, through the land of your petitioners, situated in said Charlton. And that your honorable body has estimated the damages caused to your petitioners by laying out said road. And that your petitioners are aggrieved by said estimate."

" Wherefore your petitioners pray your honorable body to issue a warrant for a jury to hear and determine their complaints."

On this petition, a warrant duly issued, reciting the petition, and the jury returned their verdict into court in these words :

" The jury empanelled by James Estabrook, sheriff of said county of Worcester, to inquire into the matter as to the damages sustained by the said Ellis Thayer, and wife Peggy Thayer, by the laying out of a highway over and near a sawmill belonging to Ellis Thayer, and his wife Peggy Thayer, mentioned in the warrant in this case, having been first duly sworn by James Estabrook, sheriff, and having chosen John Eddy, foreman, by ballot, after carefully viewing the premises and fully hearing the evidence and parties, do find, and our verdict is, that the said Ellis Thayer, and his wife Peggy Thayer, recover against the said inhabitants of the county of Worcester, the sum of sixty-two dollars, of which, eighteen dollars is to be paid to Ellis Thayer, and the remainder to his wife Peggy Thayer, the sum of forty-four dollars, as their damages sustained as aforesaid." This verdict was written upon one page, terminating near the bottom of the page, and there was no signature by the jury on the same page, but on

the next page was written this verdict : " Also to Ellis Thayer, on the south lot near to Samuel D. Smith, the sum of thirty-five dollars, as his damages sustained as aforesaid." After which the names of the jurors regularly followed, but the respondents claimed, that the first verdict, on the preceding page, was not duly signed. The last verdict was as follows : " The jury empanelled by James Estabrook, sheriff of said county of Worcester, to inquire into the matter as to the damage sustained by the said Samuel D. Smith, by the laying out of a highway over the land belonging to said Samuel D. Smith, mentioned in the warrant in this case, having been first duly sworn by James Estabrook, sheriff, and having chosen John Eddy, foreman, by ballot, after carefully viewing the premises and fully hearing the evidence and the parties, do find, and our verdict is, that the said Samuel D. Smith, recover against the said inhabitants of the county of Worcester the sum of two hundred and sixty-nine dollars, as his damages sustained as aforesaid."

*J. Mason,* for the respondents.

The verdicts of the jury in this case ought not to be accepted, for the following reasons :

1. The petition and warrant do not describe any tract or tracts of land, whatsoever, over which the road was made, and for which damages are claimed. The land should be described. *Walker* v. *Boston and Maine Railroad,* 3 Cush. 1, 15.

2. The petition does not describe the interest and titles of the petitioners, in and to the land to which the damage is alleged to be occasioned, nor the incidental damages. These should be described. *Walker* v. *Boston and Maine Railroad,* 3 Cush. 1, 15.

3. It does not appear that the " land of the petitioners " referred to in the petition and warrant, is any part of it, the same land named in the verdicts of the jury, and for taking which damages are awarded. That should appear.

4. The petition refers to " land of the petitioners," obviously meaning only one tract. Yet it appears from the verdicts, that the jury awarded damages on three several tracts of land.

5. From the verdict in favor of Ellis Thayer, or the record, it does not appear that the jury were empanelled or sworn to try the claim for which damages are awarded to him by that verdict, or that they examined the premises or heard the parties. Rev. Sts. *c.* 24, §§ 22, 30, 34.

6. The verdict in favor of Ellis Thayer, and his wife Peggy Thayer, is not signed, as required by statute. Rev. Sts. *c.* 24, § 30.

7. In the verdicts in favor of Ellis Thayer, and in favor of Ellis Thayer and wife, it does not appear that the lands, on which damages were awarded in those cases, were situated upon or adjoining the highway named in the petition.

8. The jury have not in any of the verdicts, awarded the damages in the manner required by the statutes. Rev. Sts. *c.* 24; *St.* 1851, *c.* 290, § 1.

*G. F. Hoar,* for the petitioners.

DEWEY, J. Exceptions to the form of the petition and the want of more precise description of the land, and the interest of the petitioners therein, in an application for a jury to assess damages for land taken for a highway, cannot be taken at this late stage of the proceedings. The application for a jury, such as it is, was made to the county commissioners, being the same body who as representatives, or legal agents of the county, now object to the acceptance of these verdicts. If in the view of the county commissioners the petition was not in proper form, they should have required amendments of the same, or rejected it as defective. Having acted upon it, and ordered a jury to hear and adjudicate thereon, we think they are not to interpose objections of form, to the acceptance of the verdict of the jury.

The exception taken to the apportionment of damages awarded to Ellis Thayer and his wife, cannot avail the respondents. If the party petitioning for the damages does not object to the severance, it is immaterial to the county.

The verdict is sufficiently signed by the jury, as appears by the copy of the formal verdict returned. We perceive, therefore, no objections to the acceptance of the verdicts of the jury as to the damages awarded to Ellis Thayer and Peggy

Thayer, for the location of the highway through their land, or that of Samuel D. Smith for damages to his land; and both these verdicts are accepted. As to the damages allowed by the jury to Ellis Thayer alone, for damages to his land, we think no cause was properly before them of a petition, or order for a jury to assess such damages. The cases presented in the petition and order for a jury, were those of claims for damages to lands of Ellis Thayer and Peggy Thayer his wife, and of Samuel D. Smith. The verdict assessing damages to Ellis Thayer for land held exclusively in his own right, was unauthorized, and upon a case not before the jury, and this verdict is not accepted, but must be treated as a nullity.

*Judgment accordingly.*